UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:15-cr-00011 |
| Plaintiff, | OPINION & ORDER |
| | [Resolving Docs. 345, 355, 357] |
| vs. | |
| NOE REYES, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Noe Reyes, an FCI Seagoville inmate serving a 120-month drug trafficking sentence, moves for 18 U.S.C. § 3582(c) compassionate release.[1] Reyes claims that his health conditions and high prison facility COVID-19 exposure risk warrant reduction of his sentence to time served.[2] The Government opposes.[3] Reyes has twice supplemented his motion.[4] For the reasons stated below, the Court **DENIES** Reyes's motion.

I. BACKGROUND

On June 2, 2015, Reyes pleaded guilty to conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(B), and 846, and interstate travel in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952(a)(3).[5] On

---

[1] Doc. 345; Doc. 355.
[2] *Id.*
[3] Doc. 356.
[4] Doc. 355; Doc. 357.
[5] Doc. 156; Doc. 157.

Case No. 1:15-cr-00011
GWIN, J.

September 22, 2015, this Court sentenced Reyes to 120 months' imprisonment and four years' supervised release.[6]

Reyes has a projected September 25, 2025 release date,[7] meaning that Reyes has served 69 months and has a 51-month sentence balance remaining.

On October 9, 2020, Reyes filed a *pro se* compassionate release motion from FCI Forrest City, claiming that his medical conditions and high COVID-19 exposure risk justified his early release.[8] On February 5, 2021, Reyes transferred from FCI Forrest City to FCI Seagoville.[9]

On March 24, 2021, Reyes's newly appointed counsel filed a supplemental compassionate release motion.[10] Reyes's counsel also filed a medical record supplement on May 24, 2021.[11] The government opposes Reyes's release.[12]

The Court now turns to Reyes's compassionate release motion.

## II. LEGAL STANDARD

*A. Exhaustion*

The Court may modify a sentence upon a defendant's motion filed at least 30 days after the defendant petitioned his facility's warden for release.[13] On July 30, 2020, FCI Forrest City's warden denied Reyes' request for compassionate release.[14] On October 9,

---

[6] Doc. 238; Doc. 239.
[7] Doc. 355-1 at 1.
[8] Doc. 345 at 1.
[9] Doc. 355-1 at 2.
[10] Doc. 355.
[11] Doc. 357.
[12] Doc. 356.
[13] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[14] Doc. 355-3.

Case No. 1:15-cr-00011
GWIN, J.

2020, Reyes filed a compassionate release motion in this Court.[15] Reyes, as the government concedes, satisfies 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.[16]

*B. Eligibility*

To grant compassionate release, the Court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[17] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[18] Presently, however, there are no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[19]

### III. DISCUSSION

The Court finds that Reyes's low COVID-19 exposure risk at FCI Seagoville and the 18 U.S.C. § 3553(a) sentencing factors weigh against his release.

The Court recognizes that Reyes's heart attack history and medical conditions including type 2 diabetes, obesity, and hypertension are COVID-19 complication risk factors.[20] However, FCI Seagoville has fully inoculated 1,292 of its 1,653 inmates, and has

---

[15] Doc. 345.
[16] Doc. 356 at 11.
[17] *United States v. Elias*, 987 F.3d 516, 519–20 (6th Cir. 2021) ("[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative.").
[18] *Id.* (citing *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).
[19] *See id.* at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").
[20] Doc. 355; Doc. 357.

just three active COVID-19 cases among inmates and staff.[21]  Further, Reyes received his first dose of the COVID-19 vaccine in March 2021 and has already twice recovered from the virus.[22]

The Court finds that Reyes's risk of contracting the virus is low and that the Bureau of Prisons medical staff can adequately control his medical conditions, making his release unwarranted.  Reyes's motion thus does not present "extraordinary and compelling reasons" for compassionate release.

The 18 U.S.C. § 3553(a) factors also strongly counsel against Reyes's release.  As part of the charged drug trafficking conspiracy, Reyes transported more than a pound of Heroin across the country, from Texas to Ohio.[23]  Reyes has served just over half of the sentence he received for that offense.[24]

And crucially, the crime for which Reyes is now incarcerated is just one part of his extensive criminal history.  In 1999, Reyes was convicted of misdemeanor assault of a family member.[25]  Then, in 2006, Reyes he was convicted of two felonies—burglary and possession of more than five pounds of marijuana—resulting in a multi-year prison sentence.[26]

But incarceration did not deter Reyes from committing further crime.  Just one month after his burglary probation was discharged in 2010, Reyes was again charged with possession of more than five pounds of marijuana, receiving a further two years'

---

[21] Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited June 21, 2021); Federal Bureau of Prisons, *Inmate Population Breakdown*, https://www.bop.gov/mobile/about/population_statistics.jsp#bop_pop_table (last visited June 21, 2021).
[22] Doc. 345; Doc. 356 at 1.
[23] Doc. 356 at 2.
[24] Doc. 355-1 at 1.
[25] Doc. 216 at 10.
[26] *Id.* at 10–11.

Case No. 1:15-cr-00011
GWIN, J.

imprisonment.[27] Reyes was also convicted of further multi-kilogram federal drug crimes in 2012 and 2014.[28]

Reyes's repeat offenses show a high recidivism risk. Though Reyes currently serves as an orderly and has undertaken some rehabilitative efforts in prison, he has reoffended after serving lesser sentences under similar circumstances.[29]

Given Reyes's prolific drug possession and trafficking history, the Court does not believe that supervised release will adequately protect the public from his conduct. Nor will releasing Reyes at this time reflect the seriousness of his offenses, provide just punishment for them, or promote respect for the law.[30]

### IV.   CONCLUSION

For these reasons, the Court **DENIES** Reyes's compassionate release motion.

IT IS SO ORDERED.

Dated: June 22, 2021               s/    *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[27] *Id.* at 11.
[28] *Id.* at 12–13.
[29] *Id.* at 10–13.
[30] 18 U.S.C. § 3553(a).